IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. G-03-cr-014 |
| | § | |
| SHANNON KEITH HARRIS | § | |
| | § | |

**ORDER DENYING DEFENDANT'S MOTION TO RECUSE**

On December 17, 2003, a five-count indictment was filed in this Court charging Shannon Keith Harris and Dale Marie Kubin as Co-Defendants in a drug conspiracy. On May 13, 2005, Defendant Kubin was sentenced to 57 months in prison pursuant to a guilty plea and a properly promulgated pre-sentence investigation report. The recommendations made in the pre-sentence investigation report were based on relevant descriptions of the offenses as well as the roles of Defendants Harris and Kubin, who were formerly married.

During Defendant Kubin's sentencing proceeding, the Court offered heartfelt sentiments to Kubin with the hope of providing her both solace and some basis for personal growth and betterment both during and after her period of incarceration. Among these comments were the Court's sincere admonition to choose future significant others more wisely. Additionally, the Court referred to Defendant's former husband as a "crummy person." The Court's comments were based on the facts properly included in the pre-sentence investigation report.

Defendant Harris now moves for recusal based on these two comments arguing that "the court has lost the impartiality to which Harris is entitled under the Constitution." Harris's arguments are

utterly meritless. 28 U.S.C. § 455 requires judicial recusal in limited circumstances. Section 455 states:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

In *Liteky v. U.S.*, 510 U.S. 540, 554, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994), the Supreme Court held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or impartiality challenge. They *may* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." The *Liteky* court went on to give an example of one such statement allegedly made by the District Judge in *Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1921). In an espionage case against German-American defendants, he allegedly said that "'one must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" *Liteky*, 510 U.S. at 555, 114 S. Ct. at 1157.

The comments made by the Court in this case rise to nowhere near that level. They had nothing to do with Defendant Harris's case and were not made in the presence of the jury who will sit in his case. Moreover, they do not show a level of antagonism that would make fair judgment

impossible. Indeed, one can be presumed innocent and entitled to the full panoply of Constitutional protections and still be a "crummy person." Accordingly, Defendant's Motion to Recuse is **DENIED**.

**IT IS SO ORDERED**.

**DONE** this 28th day of August, 2006, at Galveston, Texas.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Samuel B. Kent
　　　　　　　　　　　　　　　　　　United States District Judge